UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTHONY AVENATTI,<br>BARBARA E. AVENATTI,<br><br>           Plaintiffs,<br><br>           v.<br><br>GREE USA, INC.,<br>GREE ELECTRIC APPLIANCES, INC. OF ZHUHAI,<br>HONG KONG GREE ELECTRIC APPLIANCES SALES LTD.,<br>MJC AMERICA LTD.<br>   d/b/a SOLEUS INTERNATIONAL INC.,<br>MJC AMERICA HOLDINGS CO., LTD.,<br><br>           Defendants. | No. 2:20-cv-00354-JPH-MJD |

**ORDER ON MOTIONS**

Defendants have filed a motion for summary judgment, dkt. 67, and have requested oral argument on that motion, dkt. 66. In response, Plaintiffs filed a "Motion to Deny or Defer Consideration of Defendants' Motion for Summary Judgment" under Federal Rule of Civil Procedure 56(d). Dkt. 80.

For the reasons below, the Court **GRANTS** Plaintiffs' motion, dkt. [80], and **DENIES without prejudice** Defendants' motion for summary judgment and request for oral argument, dkt. [67]; dkt. [66]. Defendants' motion to file a surreply is **GRANTED**, dkt. [91], to the extent that the Court considered the contents of the proposed surreply.

1

# I.
# Facts & Background

Anthony and Barbara Avenatti allege that Defendants designed, manufactured, and sold an air dehumidifier that caught fire and damaged their Indiana property. Dkt. 19 at 6–7 ¶¶ 28–35. They have brought claims for product liability, breach of implied warranty of merchantability, and violations of the Magnuson-Moss Warranty Act against all defendants. *Id.* at 10–13, 16–18. They have also brought fraud claims against three defendants. *Id.* at 13–16.

During discovery, Plaintiffs filed two motions to compel discovery responses. Dkt. 49; dkt. 60. Before rulings on these motions, however, Defendants moved for summary judgment on all claims, dkt. 67, and requested oral argument on that motion, dkt. 66. Defendants argue that they are entitled to summary judgment because Plaintiffs have no recoverable damages for their personal injuries, that they have inflated their property damages claims, and that their remaining claims are "improper." Dkt. 68 at 1.

Plaintiffs have moved for deferral or denial of Defendants' motion for summary judgment under Rule 56(d). *See* dkt. 80.

# II.
# Applicable Law

After a party moves for summary judgment, the nonmovant may "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). If the nonmovant makes that showing, then "the court may:

2

> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order."

*Id.*

"The mere fact that discovery is incomplete is not enough to prevent summary judgment," and "[a] party seeking relief under Rule 56(d) must show . . . more than a fond hope that more fishing might net some evidence." *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 864 (7th Cir. 2019). "[S]ound reasons for denying a properly supported Rule 56(d) motion most often are either (1) the moving party's failure to pursue discovery diligently before the summary judgment motion, or (2) the apparent futility of the requested discovery." *Id.* at 866. At the same time, "precedents emphasize the importance of allowing a party the opportunity to take meaningful discovery before granting summary judgment against her." *Id.*

### III.
### Analysis

Plaintiffs argue that they "do not possess all of the information to which they are entitled to fully respond to these claims," including "essential" information for "fully justifying their opposition to the motion." Dkt. 80 at 1–2. In support of their Rule 56(d) motion, Plaintiffs have designated a declaration from their attorney—Richard Schuster—stating that, as of April 5, 2021, Defendants had not answered any written interrogatories or responded to Plaintiffs' "numerous requests" for depositions. *See* dkt. 80-1 at 1 ¶ 3. As a

result, Mr. Schuster explains, Plaintiffs lack responsive information about the following:

- Defendants' knowledge and actions relating to the alleged product defects, *id.* at 2 ¶ 4(a);
- Identities of those involved in safety decisions for the product at issue, *id.* ¶ 4(b);
- Information concerning the expert's opinion on proximate cause and damages included in Defendants' motion for summary judgment, *id.* ¶ 4(d)–(e);
- Plaintiffs' anticipated expert reports on property loss valuation, *id.* at 3 ¶ 7; and
- Plaintiffs' anticipated declarations from medical experts on causation, *id.* ¶ 8.

Defendants respond that "additional fact discovery from defendants is irrelevant to the determination of the[ir] motion" for summary judgment. Dkt. 86 at 2.

The Amended Case Management Plan requires, among other things, discovery relating to liability issues to be completed by September 10, 2021, and for all remaining discovery to be completed by February 11, 2022. Dkt. 58 at 2. Dispositive motions are to be filed by October 8, 2021, and trial is set for July 2022. *Id.* Defendants therefore filed their motion for summary judgment over six months before liability-related discovery is set to close. *See* dkt. 67 (filed March 9, 2021).

Mr. Schuster's declaration demonstrates that Plaintiffs need additional discovery to respond to Defendants' motion. *See* dkt. 80-1 at 2 ¶ 5. For example, Defendants move for summary judgment on Plaintiffs' fraud claim, calling it "improper and baseless." Dkt. 68 at 21. Yet Plaintiffs have shown that they have not received discovery on Defendants' knowledge and actions regarding the defective dehumidifiers. *See* dkt. 80-1 at 2 ¶ 4(a). Claims for actual fraud require an "intent to deceive" under Indiana law, *see BloomBank v. United Fid. Bank F.S.B.*, 113 N.E.3d 708, 725 (Ind. Ct. App. 2018), so without an opportunity for discovery on that element, Plaintiffs are missing "essential" information for opposing Defendants' charge that their claim is "baseless," *see* Fed. R. Civ. P. 56(d).

Moreover, after the summary judgment motion was filed, Magistrate Judge Dinsmore granted Plaintiffs' motions to compel, overruled Defendants' objections to discovery, and ordered "complete and unequivocal supplemental responses to Plaintiffs' interrogatories and document requests within 28 days of th[e] Order." Dkt. 72 at 12, 20–21 (emphasis omitted) (noting that Defendants' discovery briefing contained "stunningly meritless arguments"). In short, Plaintiff has "show[n] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The Court therefore exercises its discretion to deny without prejudice Defendants' motion for summary judgment. Dkt. 67.

5

Case 2:20-cv-00354-JPH-MJD   Document 99   Filed 05/25/21   Page 6 of 7 PageID #: 1897

## IV.
## Conclusion

For the reasons discussed above, the Court **GRANTS** Plaintiffs' motion, dkt. [80], and **DENIES without prejudice** Defendants' motion for summary judgment and its request for oral argument, dkt. [67]; dkt. [66]. Defendants' motion to file a surreply is **GRANTED**, dkt. [91], to the extent that the Court considered the contents of the proposed surreply.

**SO ORDERED.**

Date: 5/25/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel