UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTHONY AVENATTI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00354-JPH-MJD |
| | ) | |
| GREE USA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO QUASH**

This matter is before the Court on Defendants' Motion for a Protective Order Quashing Plaintiffs' April 11, 2022[,] Deposition Notice. [Dkt. 176.] For the reasons set forth below, the motion is **GRANTED**.

Before addressing the parties' arguments, it is important to note the posture of this case. On August 18, 2021, default was entered against Defendants as a discovery sanction. [Dkt. 119.] Therefore, the liability of each Defendant has been established in this case, and the only issue that remains to be resolved is the amount of damages to be awarded Plaintiffs.

At issue in the instant motion is Plaintiffs' desire to depose Dong Ming Zhu, who serves as Chair of the Board of Defendant Gree Electric Appliances, Inc., of Zhuhai ("Gree Zhuhai"). Defendants object to the deposition, seeking a protective order pursuant to Federal Rule of Civil Procedure 26(c) on several grounds.

First, and most persuasively, Defendants argue that any testimony Dong could give in this case would be cumulative.[1]

> District courts have broad discretion in matters relating to discovery. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993). Although there is a strong public policy in favor of disclosure of relevant materials, Rule 26(b)(2) of the Federal Rules of Civil Procedure empowers district courts to limit the scope of discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Before restricting discovery, the court should consider "the totality of the circumstances, weighing the value of the material sought against the burden of providing it," and taking into account society's interest in furthering "the truthseeking function" in the particular case before the court. *Rowlin v. Alabama*, 200 F.R.D. 459, 461 (M.D. Ala. 2001) (placing limits on discovery in employment discrimination case); *see generally* Fed. R. Civ. P. 26 advisory committee notes; 8 Wright, Miller & Marcus, Federal Practice and Procedure § 2008.1 (1994).

*Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

Plaintiffs argue that Dong's deposition is necessary because it will provide further evidence of Gree Zhuhai's reprehensible conduct, and therefore bolster Plaintiffs' claim for punitive damages, explaining:

> documents reveal that the CEO of MJC America wrote to Dong Ming Zhu repeatedly in 2012, asking her to please report the known dehumidifier problems to the Consumer Product Safety Commission or to allow him to do so. (Schuster Decl., ¶7, Ex. 1.) No emails from Dong Ming Zhu were ever produced, however, and the Plaintiffs are entitled to know if she read the emails from MJC's CEO, what she did in response, and on what facts her decisions were based. If she did not read the emails, what conversations did she have with her colleagues that allowed her to make the decisions attributed to her regarding covering up known defects? On that front, in September 2012, a meeting was held in California

---

[1] Plaintiffs argue that "[s]imply because the Avenattis have strong evidence of reprehensible conduct perpetuated by the Defendants does not mean they are not entitled to discover the full breadth and scope of the Defendants [sic] bad conduct. A defendant cannot refuse to produce witnesses on the basis that the plaintiffs' case is already so strong they should not have to do so, and Defendants cite no case with such a holding." [Dkt. 178 at 4.] But, in fact, Federal Rule of Civil Procedure 26(b)(1) mandates that discovery be limited to that which is proportional, and Rule 26(b)(2) provides the authority to limit discovery that is "unreasonably cumulative."

2

>among the Defendants, and it was recorded.  Representatives from Gree HK and Gree China indicated at that meeting they were sent at the direction of Dong Ming Zhu and they delivered at that meeting what they purported was her direct message, including that the primary focus for each company needed to be on protecting Gree's name and on protecting profits.  In any other case, it would be axiomatic the Plaintiffs could depose this witness and ask if she gave her employees the directive they attribute to her or not and, if so, why.  If she did not give this directive, what was her directive and why did these officials tell other attendees it was her directive?

[Dkt. 178 at 5-6.]  Plaintiffs further explain:

>Gree produced a transcript and an audio recording of a meeting held in September 2012 among Gree officials.  At that meeting, two Gree China employees tell the others that Dong Ming Zhu has instructed they should not alert the CPSC of problems and they should instead focus on sales/profits and Gree's reputation.

[Dkt. 178-1 at 2.]  And, finally, Plaintiffs argue that

>[t]he Defendants seem to assume that all of the reprehensible conduct perpetrated by the Defendants is captured in the Statement of Facts.  The Avenattis do not, and are not required under the law, to accept that assumption, but instead are allowed to discover what Dong Ming Zhu knew, what she ordered based on her knowledge as the head of Gree China, and exactly how reprehensible her decision-making reveals her, and consequently her company, to be.  The Statement of Facts is but the tip of the iceberg, and the Avenattis, among Gree's greatest victims, are entitled to discover what to date continues to lie below the surface, the full story regarding the Defendants' deplorable conduct.

[Dkt. 178 at 5.]  What Plaintiffs do not adequately explain is how any testimony it could get from Dong would be more persuasive or effective than the evidence they already have.  The granting of the instant motion will preclude Defendants from calling Dong at trial—having successfully opposed her deposition, they will not be permitted to use her testimony for their own purposes.  That means that there will be no rebuttal from Dong as to the directives attributed to her by other employees and officials of Defendants.[2]  Plaintiffs have ample evidence of the actions that were

---

[2] Plaintiffs ask:  "[H]ow can other witnesses testify about what Dong Ming Zhu personally knew and what she personally said without it creating a hearsay problem?"  [Dkt. 178 at 8.]  However, a statement such as "Dong Ming Zhu told me to do (or not to do) this" is not hearsay, as it is not

3

and were not taken by Gree Zhuhai; indeed, those facts have been established as a matter of law by the entry of default and/or the deferred prosecution agreement entered into by Gree Zhuhai and Gree Hong Kong.  *See* [Dkt. 176-4] (statement of facts admitted by these Defendants).  It is difficult to see how any testimony given by Dong would add anything substantial to the evidence and admissions Plaintiffs already have about and from Gree Zhuhai.

While, somewhat perplexingly, Defendants do not use the word "proportional" in their briefs, Defendants have in fact demonstrated that Plaintiffs are not entitled to depose Dong because the deposition would not be proportional to the needs of the case.  Discovery is only permissible if it is proportional, and the factors relevant to assessing proportionality are

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b).  Here, the last two factors clearly tilt the scale in favor of finding that Dong's deposition is not proportional to the needs of the case.  As discussed, any evidence obtained from that deposition would be highly unlikely to add anything to the already substantial (and incontrovertible) evidence that Plaintiffs already have.  In addition, the fact that Dong is Gree Zhuhai's highest ranking official means that the deposition would be more burdensome than the average deposition.  While there is no question that the amount in controversy is large and the issues at stake are important, the Court, in its discretion, determines that those facts simply do not justify the taking of a burdensome deposition that is likely to provide only cumulative evidence.

---

offered for the truthfulness of any statement made by Dong.  Other statements of interest to Plaintiffs would almost certainly fall under Federal Rule of Evidence 801(d)(2) and therefore not be hearsay.

For the reasons set forth above, Defendants' Motion for a Protective Order Quashing Plaintiffs' April 11, 2022[,] Deposition Notice, [Dkt. 176], is **GRANTED**.

SO ORDERED.

Dated:  5 JUL 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.